UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THERESA HARRIS,                    )
                                   )
            Plaintiff,             )       Case No. 1:08-cv-1893
                                   )
     v.                            )       Magistrate Judge Susan E. Cox
                                   )
MICHAEL J. ASTRUE, Commissioner of )
Social Security,                   )
                                   )
            Defendant.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Theresa Harris seeks recovery for her attorney's fees pursuant to the Equal Access
to Justice Act ("EAJA").[1] The Commissioner of Social Security ("the Commissioner") seeks a denial
of plaintiff's motion or a reduction in the amount of the award. For the reasons discussed herein, the
Court grants the motion but awards a reduced amount of attorney's fees totaling $8,812.82.

## PROCEDURAL HISTORY

Plaintiff filed an application for DIB and SSI claiming disability since December 30, 2003
due to lumbar stenosis, which prevented her from walking without a walker or cane. Plaintiff's
application was denied on November 18, 2004 and on January 13, 2005, plaintiff filed a request for
reconsideration, which was also denied. Next, on April 29, 2005, plaintiff filed a request for a
hearing by an administrative law judge ("ALJ"). On August 16, 2006, the ALJ found the plaintiff
not disabled and denied her application for DIB. On June 11, 2007, plaintiff filed a complaint
regarding the ALJ's decision. On January 26, 2009, the Court remanded the case to the

---

[1]28 U.S.C. § 2412(d).

1

Commissioner. After the remand, on March 27, 2009, plaintiff timely filed a motion for an award of attorney's fees [dkt 37].

BACKGROUND

The necessary facts are contained in the Court's January 26, 2009 Memorandum Opinion and Order. There, the plaintiff had presented five arguments challenging the ALJ's decision. Agreeing with one of the plaintiff's arguments, the court remanded the case, finding that the ALJ improperly excluded evidence from one of the plaintiff's treating physicians, Kathryn Burke, D.O, who saw the plaintiff from February 4, 2004 to July 26, 2004. Evidence available from Dr. Burke included an MRI of the plaintiff's spine, a report documenting her back problems, results of a Chronic Pain Questionnaire, and an overall poor prognosis for the plaintiff's condition. In July and August of 2004, plaintiff also saw Aida Spahic-Mihajkovic, M.D., who treated the plaintiff for her back pain, inability to walk, and for several mental impairments. The plaintiff started visiting both doctors after her date last insured ("DLI"). But the ALJ, without explanation, relied only on Dr. Spahic-Mihajkovic's reports. As we noted in our decision, the inconsistency in this case was the ALJ's decision to "give weight to one of the plaintiff's treating physician's opinions, who saw plaintiff after her DLI, but not the other treating physician who also saw her after her DLI."[2] We also held that though neither opinion "may be particularly probative," the ALJ was nonetheless required to articulate his analysis of Dr. Burke's opinion, "at least at some minimal level."[3] The Court, therefore, remanded the case for "further analysis and explanation as to the weight, if any, given to Dr. Burke's opinions and reports."[4]

---

[2]*Harris v. Astrue*, No. 08-C-1893, 2009 WL 210470 at *14 (N.D.Ill. Jan. 26, 2009).
[3]*Harris*, 2009 WL 210470 at *14.
[4]*Id.*

ANALYSIS

A plaintiff is eligible for a reasonable award of fees under the EAJA if: (1) she is a "prevailing party"; (2) the government's position was not " substantially justified"; (3) there are no "special circumstances" that make "an award unjust"; and (4) the fee application "is submitted to the court within 30 days of final judgment and is supported by an itemized statement."[5] There is no dispute that the plaintiff is a prevailing party,[6] there are no special circumstances, and the plaintiff's application was timely filed and amended with the appropriate documents.

Therefore, the two issues before the court are whether the government's position was substantially justified and whether the plaintiff's request for fees totaling $9,077.20 (computational error in amount corrected by the Court), is reasonable. The Court will examine each of these issues in turn.

## A.  Substantial Justification

Plaintiff asserts that the Commissioner was not justified in his position because: (1) he relied on the ALJ's decision even though the ALJ omitted Dr. Burke's evidence without articulating a reason; and (2) he made improper post-hoc rationalizations for his reliance, which were not based in law. The Commissioner responds that: (1) he had a reasonable basis for defending the ALJ's decision, especially because Dr. Burke's testimony did not relate back to the period prior to plaintiff's DLI and was not probative; and (2) the ALJ's omission was merely an articulation issue.

To establish that its position was substantially justified, the government must show that it

---

[5] 28 U.S.C. § 2412(d)(1)(A)-(B); *U.S. v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000).

[6] *See Shalala v. Schaefer*, 509 U.S 292, 293 (1993) (finding that "a Social Security claimant who obtains a sentence-four judgment reversing the Secretary's denial of benefits meets the description of a 'prevailing party[.]'").

"could satisfy a reasonable person."[7] The government's position does not necessarily have to be correct, but must have "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded."[8] If a court's opinion contains "strong language against the Commissioner's position. . . it is evidence in support of an award of fees."[9] On the other hand, "the closeness of the question is, in itself, evidence of substantial justification."[10] Finally, because the reasonableness analysis involves a "global assessment" of the entire civil action, the government is not automatically justified simply because it prevails on a majority of the issues.[11]

Here, the Court remanded the case based only on the ALJ's exclusion of Dr. Burke's evidence. However, the error was significant because it violated federal regulations, which provide that the ALJ "must evaluate six criteria" when deciding whether or not to give weight to a physician's opinion.[12] In his decision, the ALJ not only failed to use the six criteria, he excluded Dr. Burke's evidence from his analysis and did not articulate a reason for this omission.

The Commissioner argues that he had a reasonable basis for disregarding the omission because Dr. Burke's opinion was made post-DLI. He points to the Court's statements that the ALJ may have justifiably omitted Dr. Burke's testimony because the post-DLI evidence may not have been probative. However, the Commissioner's reasoning is not persuasive because "general principles of administrative law preclude Commissioner's lawyers from advancing grounds of the agency's

---

[7] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir.2004) (noting that the government bears the burden of proof for its position).

[8] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006).

[9] *Golembiewski*, 382 F.3d at 724.

[10] *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991).

[11] *U.S. v. Hallmark Const. Co.*, 200 F.3d 1076, 1081 (7th Cir. 2000).

[12] *See* 20 C.F.R. § 404.1520(d)(2)-(d)(6).

decision that were not given by the ALJ."[13] Here, because the ALJ did not explain the exclusion of Dr. Burke's opinions, the Commissioner's reasoning was not supported. In addition, the ALJ inconsistently gave Dr. Spahic-Mihakjovic's post-DLI opinions controlling weight. While precedent suggests that Dr. Burke's testimony may have played a small role in the case,[14] the ALJ's omission was against federal regulations and was not consistent. Therefore, the government did not have a reasonable basis to rely on an undeveloped record.

Finally, the Commissioner argues that his position was justified because the Court remanded the ALJ's decision based on a lack of articulation. Generally, the government's position may be justifiable if the ALJ only failed to properly articulate his assessment of the evidence.[15] However, the federal regulations "are concerned with the ALJ providing a trail of analysis that can be traced to explain the ALJ's decision."[16] There was no trail in the present case to Dr. Burke's opinions, because the ALJ did not mention them at all, and the Court had no way of knowing whether the ALJ examined or considered them in his analysis. Therefore, the omission amounted to more than a problem of inadequate articulation. The Commissioner has, thus, failed to show that its position was substantially justified.

## B. Determination of Fees

Plaintiff requests attorney's fees in the amount of $9,122.75. The Court, however, verified the plaintiff's math and found that the correct total is $9,077.20. The breakdown of the calculation is as follows: 46.0 attorney hours - plus an additional 2.4 hours for the reply brief to this motion - at the

---

[13] *See Golembiewski*, 382 F.3d at 724.

[14] *See Eichstadt v. Astrue*, 534 F.3d 663, 666 (7th Cir. 2008) (noting that evidence that post-dated the plaintiff's DLI did not support the claim that the plaintiff was disabled prior to the DLI).

[15]*Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).

[16]*Swafford v. Astrue*, No. 2:05-CV-376-PRC, at 8 (N.D. Ind. Oct. 25, 2007).

rate of $176.25 per hour (totaling $8,530.00); 1.9 legal assistant hours at the rate of $85.00 per hour (totaling $161.50), and a filing fee of $350.00. The Commissioner argues that the award should be reduced because: (1) administrative and clerical tasks, as well as extensive travel time, should not have been billed by the plaintiff's attorney; and (2) the plaintiff can only recover fees based on her one prevailing issue because it was distinct from her losing claims.

First, the plaintiff bears the burden of showing that the fees requested are reasonable.[17] In general, "hours that are not properly billed to one's client also are not properly billed to one's adversary."[18] In addition, hours that can be delegated to "non-professional assistance" should not be billed at an attorney rate.[19] Finally, a court should "disallow time spent on what are essentially 'clerical' or secretarial tasks" from being billed, even at a paralegal rate.[20]

The Commissioner points out that the plaintiff's attorney billed time for: writing a standard letter to his client; noting the correct briefing schedule; copying and mailing documents and; mailing a status report. He argues that these fees should be excluded from the award. The Court agrees with the Commissioner that the first three tasks, totaling $264.38 for 1.5 hours of work, should be excluded from the award. They are essentially secretarial tasks and, thus, fall within the category of excluded costs.[21]

The Commissioner also argues that the five hours in travel fees incurred by the plaintiff while taking public transportation are excessive. The plaintiff's attorney attended a status hearing on June

---

[17] *See Hensely v. Eckerhart*, 461 U.S. 424, 437 (1983) (citations omitted).

[18] *Hensley*, 461 U.S. at 434.

[19] *Spegnon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (citations omitted) (finding that "organizing file folders, document preparation, . . . copying documents" and updating the calendar were essentially administrative tasks).

[20] *Spegnon*, 175 F.3d at 553.

[21] *See id.*

9, 2008, for which he billed 2.5 hours, and then another status hearing on June 24, 2008, for which he billed 2.3 hours. Thus, it took the attorney approximately one and a half hours to travel between Evanston and Chicago each way. The Court does not agree with the Commissioner that this time was excessive. Driving could have taken just as much if not more time and would have probably included parking costs.

The next issue is whether the plaintiff is entitled only to the fees related to her winning argument. When a plaintiff wins on a claim that is "based on different facts and legal theories" than her other claims, she is entitled only to the fees associated with the winning claim.[22] However, if a plaintiff raises "alternative legal grounds for a desired outcome, " the failure to prevail on all the grounds is "not a sufficient reason for reducing a fee award" and "the result is what matters."[23]

Though the Court agreed with only one of the plaintiff's arguments, a fee reduction is not appropriate. The plaintiff challenged the ALJ's decision as a whole and advanced multiple but factually related arguments, obtaining a favorable result. Therefore, the plaintiff is entitled to the fees that she incurred developing her overall case.

---

[22]*Hensely,* 461 U.S. at 434.

[23]*Id.* at 435.

## CONCLUSION

For the reasons set forth above, the Court finds that the Commissioner's position was not substantially justified and finds the plaintiff's fees reasonable, with the exception of the 1.5 hours billed for clerical tasks. Accordingly, the Court grants plaintiff's motion for attorney's fees [dkt 37], but in the reduced (and corrected) amount of $8,812.82.

**IT IS SO ORDERED.**

Date: June 15, 2009

Susan E. Cox
United States Magistrate Judge